GEOFFREY BECKER
BECKER & BECKER
1370 Reliez Valley Road
Lafayette, California 94549
Telephone: 925-939-9041
State Bar No. 70110

Attorney for Plaintiff, Mark Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Williams | NO. 3:22-CV-02611 SK |
| Plaintiff, | First Amended Complaint For Elder Abuse and Wrongful Death |
| v. | |
| Promedica Senior Care, Promedica Health Systems, Inc., HCR Manor Care and Manor Care Health Services and DOES 1 to 10, | |
| Defendants. | |

Plaintiff complains against the defendants and alleges:

General allegations

1. At all times relevant, Barbara Williams was protected by the Elder Abuse Statute, Welfare & Institutions Code Section 15600, et seq., having been born on August 8, 1947. On or around May 15, 2019, Barbara Williams became a resident of the defendants' care facility located in Walnut Creek and she died on July 15, 2020 at the Kaiser Walnut Creek hospital after having been transferred from the care facility to Kaiser on June 22, 2020.

2. Notice of intention to file a lawsuit was served on July 12, 2021.

3. Mark Williams, Christopher Williams and Paul Williams are Barbara Williams' children and sole heirs. Christopher Williams and Paul Williams did not join in this

1

First Amended Complaint for Elder Abuse and Wrongful Death

lawsuit as plaintiffs and for that reason, they are designated as defendants.

4. The identities of the defendants sued herein as Does 1 to 10 are currently not known. These defendants are in some manner responsible for the injuries, death and damages alleged in this complaint and when the true names and capacities of these defendants are determined, the complaint will be amended accordingly.

First Claim for Relief

(Elder Abuse)

5. Plaintiff realleges and incorporates by this reference all of the general allegations of this first amended complaint as though set forth fully herein.

6. Plaintiff is informed and believes and based upon this information and belief alleges that on or around June 16, 2020, defendants tested Barbara Williams for the Covid 19 virus and the results were negative. On that day, there were several other residents at the care facility whose last name was Williams and the resident who tested positive was not Barbara Williams. Barbara Williams was mistakenly transferred to the Covid unit because of the reckless failure to confirm that the test results were for Barbara Williams as opposed to another resident with the last name "Williams".

7. On an unknown date after June 16, 2020 and before June 22, 2020, defendants transferred Barbara Williams to an area of the care facility to which patients confirmed to be Covid positive had been transferred for isolation from the rest of the residential population.

8. By reason of the care giver/ resident relationship between Barbara Williams and the defendants, defendants were obligated to act in Barbara Williams' best interest and to refrain from exposing her to harm. The transfer to the Covid wing was reckless in that the defendants did not do anything to confirm that Barbara Williams was Covid positive before they exposed her to the Covid 19 virus in the Covid wing.

9. This recklessness was a substantial factor in causing Barbara Williams to suffer severe emotional distress while in the Covid wing and was a substantial factor in causing her death.

10. The claim Barbara Williams had for the negligent reporting and transfer to the Covid wing are now asserted by her son as her successor in interest who claims the damages his mother would have been entitled to claim had she lived, including attorney's fees and punitive damages.

## Second Claim for Relief

### (Elder Abuse)

11. Plaintiff realleges and incorporates by this reference all of the allegations of this first amended complaint as though set forth fully herein.

12. At the time of Barbara's Williams' admission to Manor Care Tice Valley on May 15, 2019, defendants knew she suffered from epilepsy/seizures and that she was taking medication to prevent the seizures. By reason of the care giver relationship, defendants were obligated to confirm whether the medication they were giving her was therapeutic and this obligation was not delegable. From May 15, 2019 until January 3, 2020, defendants neglected to monitor whether the blood level of her anti-seizure medication was therapeutic and they did not know whether there was ever a therapeutic level from the time Barbara Williams became a resident of the defendants' facility on May 15, 2019.

13. Notwithstanding that from May 15, 2019 until January 3, 2020, the defendants did not know if Barbara Williams' anti-seizure medication was at a therapeutic level and did not do anything to determine if it was, on January 4, 2020, blood was drawn to, among other things, determine whether the anti-seizure medication was at a therapeutic level. The next day, defendants knew that the medication was not at a therapeutic level and that Barbara Williams' health and safety were endangered thereby. In order to fulfill their care giver obligations, defendants were required to insure that the medication they were giving to Barbara Williams was protecting her from seizures. For reasons not known, the defendants did not do anything to bring the seizure medication up to a therapeutic level.

14. On or around February 21, 2020, blood was drawn to determine whether the anti-seizure medication had reached a therapeutic level and on February 22, 2020, the defendants knew

1  from the lab results that it had not.  Between February 22, 2020 and May 28, 2020, defendants
2  neglected to insure that Barbara Williams' anti-seizure medication was at a therapeutic blood level.
3        15.  On or around May 28, 2020, the defendants instituted a care plan for Barbara
4  Williams that called for, among other things, monitoring her medications for the purpose of
5  determining that the anti-seizure medication was at a therapeutic level.  From May 28, 2020 until
6  June 22, 2020, defendants did not monitor as required by the care plan even though defendants knew
7  the last reported lab results from February 22, 2020 confirmed there was not a therapeutic level and
8  that Barbara Williams' health and safety were endangered thereby.
9        16.  On June 22, 2002, Barbara Williams had a seizure and was transferred to the
10  Kaiser hospital in Walnut Creek.
11        17.  The claim Barbara Williams had for the recklessness in causing her seizure and
12  the damage caused thereby is now asserted by Mark Williams, her son, who claims the damages his
13  mother would have been entitled to claim had she lived, including attorney's fees and punitive
14  damages.

Third Claim for Relief

(Elder Abuse)

17        18.  Plaintiff realleges and incorporates by this reference paragraphs 1 through 17 of
18  this first amended complaint as though set forth fully herein.
19        19.  Plaintiff is informed and believes and based upon this information and belief
20  alleges that at the time Barbara Williams was admitted to Kaiser on June 22, 2020, she was Covid
21  negative.
22        20.  Plaintiff is informed and believes and based upon this information and belief
23  alleges that on or around June 26, 2020, testing performed at Kaiser showed that Barbara Williams
24  was Covid positive.
25        21.  Plaintiff is informed and believes and based upon this information and belief
26  alleges that if Barbara Williams contracted the Covid virus while at Manor Care, it was the result of
27  defendant's recklessness in transferring Barbara Williams to the Covid wing; that if Barbara Williams

4

First Amended Complaint for Elder Abuse and Wrongful Death

did not contract the Covid virus as a result of her being transferred to the Covid wing at Manor Care Tice Valley, then she contracted it while at the Kaiser Hospital and would not have contracted it had she not been transferred to the Kaiser Hospital because of her seizure.

22. By reason of the aforesaid recklessness, Barbara Williams died and her son claims the damages alleged herein.

### Fourth Claim for Relief

(Medical Negligence/Wrongful Death as to all defendants)

23. Plaintiff realleges and incorporates by this reference each paragraph of this complaint as though set forth fully herein.

24. Defendants did not meet the applicable standard of care in that they;

A. Transferred Barbara Williams to the Covid wing even though she was Covid negative ;

B. Never adequately monitored decedent's anti-seizure medication and allowed it to fall below therapeutic levels resulting in her seizure and transfer to Kaiser, Walnut Creek.

25. Defendants' negligence was a substantial factor in bringing about her death and alternatively, it was a substantial factor in increasing the risk that Barbara Williams would be exposed to the Covid 19 virus and in fact she was exposed to the virus.  On July 15, 2020, Barbara Williams died at the Kaiser Hospital because of the Covid 19 virus.

26. Plaintiff has been damaged by the loss of comfort, society, love and affection he enjoyed with his mother.

### REQUEST FOR PREJUDGMENT INTEREST

Pursuant to Civil Code §3291, plaintiffs request interest on the judgment.

WHEREFORE, plaintiff prays for judgment and damages as follows:

5

First Amended Complaint for Elder Abuse and Wrongful Death

a. For economic and non-economic damages in the first, second and third causes of action, attorney's fees and punitive damages according to proof.;

b. For wrongful death damages in the fourth cause of action according to proof,

c. For such other relief as the court deems proper.

Dated: August 8, 2022

_____
Geoffrey Becker

6

First Amended Complaint for Elder Abuse and Wrongful Death

<u>PROOF OF SERVICE</u>

I declare that:

I am employed in the County of Contra Costa, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 1370 Reliez Valley Road, Lafayette, California 94549.

I am readily familiar with the business practice for collection and processing of correspondence for mailing within the United States Postal Service. That the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of the business of BECKER & BECKER.

I served Plaintiff's First Amended Complaint by:

[ ]      By placing a true copy, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Lafayette, California:
[ ]      personally delivering a true copy of the document to:
[ ]      facsimile transmission of a true copy of the document to:

[x]      By Electronic Mail: On the date set forth below, at Lafayette, California, I caused the following document(s) to be served by E-mail transmission to the E-mail address(es) set forth below, as last given by that person on any document which he or she has filed in the cause and served on the party making the service. The document was transmitted by email from a computer in the offices of Becker and Becker. The email transmission was reported as delivered to the party at the indicated email addresses, and no undeliverable message from the recipient's server was received by the sender of the email.

david@petrullolaw.com
David Litt
Petrullo, A Professional Corporation
222 N. Pacific Coast Highway, Suite 1690
El Segundo, CA 90245

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 8, 2022 at Lafayette, California.

_____
Geoffrey Becker