1 | GEOFFREY BECKER
BECKER & BECKER
2 | 1370 Reliez Valley Road
Lafayette, California 94549
3 | Telephone: 925-939-9041
State Bar No. 70110

4 | Attorney for Plaintiff, Mark Williams

5

6

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9

10 | Mark Williams                ]**NO.** 3:22-CV-02611 SK

11 |           Plaintiff,         ]Second Amended Complaint For Elder Abuse and
12 |                                  ]Wrongful Death

13 |        v.

14 | Promedica Senior Care, Promedica Health
Systems, Inc., HCR Manor Care and
15 | Manor Care Health Services and DOES 1 to 10,

16

17 |               Defendants.

18 | **General allegations**

19 |        1.     The true name of the defendant sued herein as Promedica Health Systems,

20 | Inc. is Promedica Health System, Inc. The true name of HCR Manor Care is Manor Care of Tice

21 | Valley, LLC. Said defendants owned or operated the residential care facility known as Manor

22 | Care of Tice Valley, LLC.

23 |        2.     At all times relevant, Barbara Williams was protected by the Elder Abuse

24 | Statute, Welfare & Institutions Code Section 15600, et seq., having been born on August 8,

25 | 1947. On or around May 15, 2019, Barbara Williams became a resident of the defendants' care

26 | facility located in Walnut Creek, Manor Care of Tice Valley, LLC and she died on July 15, 2020

27

28 | 1

1    at the Kaiser Walnut Creek hospital after having been transferred from the care facility to Kaiser

2    on June 22, 2020.

3          3.    Notice of intention to file a lawsuit was served on July 12, 2021.

4          4.    Mark Williams, Christopher Williams and Paul Williams are Barbara

5    Williams' children and sole heirs.  Christopher Williams and Paul Williams did not join in this

6    lawsuit as plaintiffs and for that reason, they are designated as nominal defendants.

7          5.    The identities of the defendants sued herein as Does 1 to 10 are currently

8    not known.  These defendants are in some manner responsible for the injuries, death and damages

9    alleged in this complaint and when the true names and capacities of these defendants are

10   determined, the complaint will be amended accordingly.

11                          First Claim for Relief

12                              (Elder Abuse)

13         6.  Plaintiff realleges and incorporates by this reference all of the general allegations

14   of this second amended complaint as though set forth fully herein.

15         7.    Between June 16, 2020 and June 22, 2020, defendants transferred Barbara

16   Williams to an area of the care facility to which patients confirmed to be Covid positive had been

17   isolated from the rest of the residential population.

18         8.   By reason of the care giver/ resident relationship between Barbara Williams and

19   the defendants, defendants were obligated to act in Barbara Williams' best interests and to refrain

20   from exposing her to harm.  This obligation required the defendants to confirm that Barbara Williams

21   was infected by the Covid 19 virus before she was transferred to the Covid isolation unit.  The

22   defendants did not confirm that Barbara Williams was infected by the Covid 19 virus and had they

23   attempted to confirm whether she was infected, they would have found that she was not.

24         9.   The transfer to the Covid isolation unit under the circumstances was reckless in

25   that Barbara Williams was not infected with the Covid 19 virus when she was transferred and was

26   exposed to it as a result of the transfer.  This recklessness was a substantial factor in bringing about

27   Barbara Williams' exposure to Covid 19 and her emotional distress while in Covid isolation.

28

Second Amended Complaint for Elder Abuse and Wrongful Death

10.   The claims Barbara Williams had for the reckless transfer to the Covid wing are now asserted by her son as her successor in interest.  Mark Williams claims the damages his mother would have been entitled to claim, including attorney's fees and punitive damages.

11.   The people who made the decision to transfer Barbara Williams were defendants' employees.

12.   Defendants ratified the reckless conduct of its employees when they did not reprimand, discipline or terminate any of the employees who were involved in the transfer or the decision not to confirm Barbara Williams was Covid positive.

13.   At the time of Barbara's Williams' admission to the defendants' care facility on May 15, 2019, defendants knew she suffered from seizures and that she was taking medication to prevent the seizures. From May 15, 2019 until January 3, 2020, defendants did not  monitor whether the blood level of her anti-seizure medication was therapeutic.

14.   On  January 4, 2020, blood was drawn to, among other things, determine whether the anti-seizure medication was at a therapeutic level.  On January 5, 2020, the defendants knew from the January 4, 2020 lab results that Barbara Williams' health and safety were endangered because her seizure medication was not therapeutic.  Thereafter, the defendants did not do anything to bring the seizure medication up to a therapeutic level..

15.   On or around February 21, 2020, blood was drawn to determine whether the seizure medication had reached a therapeutic level.

16.   On February 22, 2020, the lab results confirmed that the  seizure medication had not reached a therapeutic level.

17.   On or around May 28, 2020, the defendants instituted a care plan that called for, among other things, assuring the administration of Barbara Williams' seizure medications was therapeutic.

18.   From May 28, 2020 until June 22, 2020, defendants did not comply with the care plan even though they knew Barbara Williams was not receiving any benefit from the seizure medication.

3

Second Amended Complaint for Elder Abuse and Wrongful Death

1    19.    During the period January 5, 2020 through June 22, 2020, defendants did not

2    provide Barbara Williams with the medical care she required to treat her seizure disorder. During

3    the same period of time, defendants knew that without the care, Barbara Williams would have a

4    seizure. Defendants acted recklessly and with a conscious disregard for Barbara Williams' health

5    and safety when they did not provide the medical care necessary to treat her seizure disorder. The

6    aforesaid failure to provide medical care was a substantial factor in bringing about the seizure

7    Barbara Williams suffered on or around June 22, 2020.

8    20.    The claim Barbara Williams had for the recklessness in causing her seizure

9    and the damage caused thereby is now asserted by Mark Williams, her son, as her successor in

10   interest who claims the damages his mother would have been entitled to claim, including

11   attorney's fees and punitive damages.

12   21.    The people who were responsible for providing the medical care required by

13   Barbara Williams' seizure disorder were defendants' employees.

14   22.    Defendants ratified the reckless conduct of the employees referred to in

15   paragraph 21 when they did not reprimand, discipline or terminate any of them

16   23.    Plaintiff is informed and believes and based upon this information and belief

17   alleges that at the time Barbara Williams was admitted to Kaiser on June 22, 2020, she was Covid

18   negative.

19   24.    Plaintiff is informed and believes and based upon this information and belief

20   alleges that if Barbara Williams did not contract the Covid virus as a result of her exposure to the

21   Covid virus in the Covid isolation unit at Manor Care of Tice Valley, LLC, then she was

22   exposed to the virus as a result of her transfer to the Kaiser Hospital and contracted the virus as a

23   result of that exposure.

24   25.    That the reckless failure to provide medical care to treat Barbara Williams'

25   seizure disorder brought about her admission to Kaiser and that the admission to Kaiser exposed

26   Barbara Williams to the Covid 19 virus. That said exposure was a substantial factor in infecting

27   Barbara Williams with the Covid virus on or around June 26, 2020 and she suffered from it until

28

4

Second Amended Complaint for Elder Abuse and Wrongful Death

1  it caused her death on July 15, 2020.

2         27.   The claim Barbara Williams had for the recklessness in causing her to

3  become infected with the Covid 19 virus and the damage caused thereby is now asserted by Mark

4  Williams, her son, as her successor in interest.  He claims the damages his mother would have

5  been entitled to claim, including attorney's fees and punitive damages.

6         28.   The people who were responsible for providing the medical care required by

7  Barbara Williams' seizure disorder were defendants' employees.

8         29.   Defendants ratified the reckless conduct of the employees referred to in

9  paragraph 28 when they did not reprimand, discipline or terminate any of them

10  <center>Second Claim for Relief</center>

11  <center>(Wrongful Death as to all defendants)</center>

12         30.   Plaintiff realleges and incorporates by this reference each paragraph of this

13  second amended complaint as though set forth fully herein.

14         31.   Defendants transferred Barbara Williams to the Covid isolation without

15  confirming she had been infected with the Covid 19 virus.

16         32.   In the Covid isolation unit, Barbara Williams was exposed to the Covid 19

17  virus and the exposure was a substantial factor in bringing about her Covid 19 virus infection

18  which caused her death.

19         33.   Defendants did not properly treat Barbara Williams' seizure disorder.  The

20  negligent failure to treat the seizure disorder caused a seizure on around June 22, 2020 and her

21  admission to Kaiser on that day.

22         34.   If the exposure to the Covid 19 virus at the Manor Care of Tice Valley

23  Covid isolation unit was not a cause of the Covid 19 infection, then Barbara Williams became

24  infected as a result of her transfer and admission to Kaiser and her resulting exposure to the Covid

25  virus.

26         35.   Plaintiff has been damaged by the loss of comfort, society, love and affection

27  he enjoyed with his mother.

28

<center>5</center>

Second Amended Complaint for Elder Abuse and Wrongful Death

1

## REQUEST FOR PREJUDGMENT INTEREST

2       Pursuant to Civil Code §3291, plaintiff requests interest on the judgment.

3       WHEREFORE, plaintiff prays for judgment and damages as follows:

4           a.   For the damages Barbara Williams would have been entitled to recover on account

5   of the elder abuse she suffered as alleged in the first claim for relief including attorney's fees and

6   punitive damages according to proof;

7           b.   For wrongful death damages in the second cause of action as alleged therein;

8           c.   For such other relief as the court deems proper.

9   Dated: September 26, 2022

10                                          Geoffrey Becker

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    6

Second Amended Complaint for Elder Abuse and Wrongful Death