GEOFFREY BECKER
BECKER & BECKER
1370 Reliez Valley Road
Lafayette, California 94549
Telephone: 925-939-9041
State Bar No. 70110
Attorney for Plaintiff
Mark Williams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Christopher Williams, Mark Williams and Paul Williams

Plaintiff(s),

v.

Promedica Health System, Inc. and Manor Care of Tice Valley, LLC

Defendant(s).

NO. 3:22-CV-02611 SK

Plaintiff Mark Williams Fourth Amended Complaint For Wrongful Death

Plaintiff Mark Williams ("Plaintiff" or "Williams"), on his own behalf and on behalf of no other plaintiff, brings the following complaint against Promedica Health System, Inc. and Manor Care of Tice Valley, LLC.

**JURISDICTION**

This case was removed to this court pursuant to 28 U.S.C. § 1332(a)(1) whereby a district court may assert jurisdiction over a civil action between "citizens of different States." Removal was also based on federal question jurisdiction under 28 U.S.C. §§1331 and 1441(a) and (3).

**GENERAL ALLEGATIONS**

1. Promedica Health System, Inc. and Manor Care of Tice Valley CA, LLC owned or operated the residential care facility known as Manor Care of Tice Valley, LLC.

2. On or around May 15, 2019, Barbara Williams became a resident of the defendants' care facility located in Walnut Creek and she died on July 15, 2020 at the Kaiser Walnut Creek hospital after having been transferred from the residential care facility to Kaiser on or around June 22, 2020.

3. Mark Williams is one of Barbara Williams' sons, an heir and successor in interest to

1

her estate.

4. On March 16, 2023, the Court dismissed with prejudice the previously asserted claims of Christopher Williams and Paul Williams.

5. On March 16, 2023, the Court granted in part and denied in part Defendants' motion to dismiss the third amended complaint as follows: (a) the claim for violation of patient's bill of rights was dismissed with prejudice on the basis the Court did not previously provide Plaintiff leave to add a new claim; (b) the claim for elder abuse was dismissed with prejudice for failure to comply with California Code of Civil Procedure section 377.32 and failure to state a claim for elder abuse; (c) Christopher and Paul Williams were dismissed with prejudice as their claim for wrongful death is barred by the statute of limitations; and (d) the motion was denied as to Plaintiff Mark Williams' wrongful death claim.

**First Claim for Relief**

**(Plaintiff Mark Williams' Wrongful Death Claim against Defendants)**

6. Plaintiff realleges and incorporates by this reference all of the general allegations of this fourth amended complaint as though set forth fully herein.

7. By reason of the care giver/resident relationship between Barbara Williams and the defendants, defendants were obligated to act in Barbara Williams' best interests and to refrain from exposing her to health and safety risks.

8. At all times relevant, Rodger Hogan was the defendants' Regional Director of the residential care facility where Barbara Williams was a resident and was acting as a managing agent on behalf of the defendants.

9. At the time of Barbara's Williams' admission to the defendants' care facility, defendants knew she suffered from seizures and that she was taking medication to prevent the seizures. From May 15, 2019 until January 3, 2020, defendants did not monitor whether the blood level of her anti-seizure medication was therapeutic. The defendants' director of nursing charged with the responsibility for assuring that the medication was therapeutic did not take any measures to confirm it was therapeutic. The director of nursing charged with the responsibility for assuring that the medication was therapeutic was the defendants' managing agent.

10. On January 4, 2020, blood was drawn to, among other things, determine whether the anti-seizure medication was at a therapeutic level. On January 5, 2020, the defendants knew from the January 4, 2020 lab results that Barbara Williams' health and safety were endangered because her seizure medication was not therapeutic. The director of nursing charged with the responsibility for assuring that the medication would rise to a therapeutic level did not take any measures to confirm whether it had. In fact, it had not. The director of nursing charged with the responsibility for assuring that the medication would attain a therapeutic level was the defendants' managing agent.

11. On or around February 21, 2020, blood was drawn to determine whether the seizure medication had reached a therapeutic level.

12. On February 22, 2020, the lab results confirmed that the seizure medication had not reached a therapeutic level. The director of nursing charged with the responsibility for assuring that the medication was therapeutic did not take any measures to confirm it would thereafter be therapeutic. The director of nursing charged with the responsibility for assuring that the medication was therapeutic was the defendants' managing agent.

13. On or around May 28, 2020, the defendants instituted a care plan that called for, among other things, assuring the administration of Barbara Williams' seizure medications was therapeutic.

14. From May 28, 2020 until June 22, 2020, defendants did not comply with the care plan even though they knew Barbara Williams was not receiving and for months had not received any benefit from the seizure medication. The director of nursing charged with the responsibility for assuring that the medication was at a therapeutic level as required by the care plan, did not take any measures to confirm the medication had reached a therapeutic level. The director of nursing charged with the responsibility for assuring that the medication was therapeutic was the defendants' managing agent.

15. Defendants acted recklessly and with a conscious disregard for Barbara Williams' health and safety when, for months, they did not provide the medical care necessary to treat her seizure disorder knowing that without proper care and treatment, Barbara Williams would have a seizure. The aforesaid failure to provide medical care was a substantial factor in bringing about the seizure Barbara Williams suffered on or around June 22, 2020.

16. The defendants' failure to monitor the seizure medication caused the seizure requiring Barbara Williams' transfer to Kaiser.

17. The failure to monitor the seizure medication and the transfer to Kaiser were substantial factors in bringing about Barbara Williams' death.

18. Plaintiff has been damaged in that he has lost the love and affection of his mother provided them.

Pursuant to Civil Code §3291, plaintiff requests interest on the judgment.

WHEREFORE, plaintiff prays for judgment and damages as follows:

a. For wrongful death damages in the first claim for relief as alleged therein; and

b. For such other relief as the court deems proper.

Dated: October 31, 2023

*geoffrey becker*
Geoffrey Becker